UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF OHIO
EASTERN DIVISION

| | | |
|---|---|---|
| JACKLYN BOLIN, | ) | CASE NO. 1:07CV1187 |
| | ) | |
| Plaintiff, | ) | JUDGE JOHN R. ADAMS |
| | ) | |
| vs. | ) | |
| | ) | |
| MICHAEL ASTRUE, Commissioner of | ) | **MEMORANDUM OF** |
| Social Security, | ) | **OPINION AND ORDER** |
| | ) | [Resolving Doc. 16] |
| Defendant | ) | |

This matter comes before the Court on Plaintiff Jacklyn Bolin's Objection to the Magistrate Judge's Report and Recommendation (the "Report"). This action was referred to the Magistrate Judge for a Report on the final decision of the Commissioner of Social Security, dated April 13, 2006, denying Plaintiff's claim for Disability Insurance Benefits and Supplemental Security Income under Title II and Title XVI of the Social Security Act, 42 U.S.C. §§ 416(i), 423, 1381 *et seq*. The Magistrate Judge recommended that Plaintiff's complaint be dismissed. Plaintiff timely objected to the Magistrate Judge's Report.

According to the record in this case, Plaintiff's hearing before the Administrative Law Judge (ALJ) took place on August 24, 2005, and the ALJ issued a partially favorable ruling in April 2006.[1] Plaintiff claims that, on June 13, 2006, she filed an appeal with the Appeals Council (the Council) to challenge the ALJ's ruling. However, the Council indicated to Plaintiff

---

[1] There is some dispute as to the exact day on which the ALJ's decision was rendered. Plaintiff contends it was filed April 19, 2006; the Commissioner indicates it was filed January 13, 2006. As the Magistrate Judge notes, however, and as this Court accepts, the date stamped on the ALJ's decision is April 13, 2006.

1

on November 14, 2006, that it had not received the appeal. Plaintiff then faxed a copy of that appeal, apparently without providing any indication or evidence that she had filed it in June.

The Council's order dated March 1, 2007, indicates that it requested on December 22, 2006, that Plaintiff explain why her appeal was filed late. Plaintiff provided no explanation, but once again faxed a merits brief challenging the ALJ's decision. In the March 1 order, the Council ultimately rejected Plaintiff's appeal as having been filed untimely.

Plaintiff filed her challenge to the Council's decision in this Court on March 23, 2007. Plaintiff's counsel then filed an affidavit attesting that she had filed her original appeal before the Council on June 13, 2006[2], and that a green card from the United States Postal Service was returned to her on June 16, 2006, which meant that the Social Security Administration had received her appeal. This is the first appearance of a green "return receipt requested" card in these proceedings, and the first attempt by Plaintiff's counsel to explain that she had filed a timely appeal.

The Commissioner argues that Plaintiff should be precluded from pursuing any remedy in this Court for her failure to exhaust her administrative remedies. According to the Commissioner, when Plaintiff was given an opportunity to explain the apparent untimeliness of her appeal, she did not do so, and instead argued the merits of the ALJ's decision.

In *Sims v. Apfel*, 530 U.S. 103, 107 (2000), the United States Supreme Court said that "[i]f a claimant fails to request review from the [Appeals] Council, there is no final decision and, as a result, no judicial review in most cases." *Sims*, 530 U.S. at 103, citing *Bowen v. City of New York*, 476 U.S. 467, 482-83 (1986). Such a claimant would have failed to exhaust his administrative remedies, and the district court would lack jurisdiction over the matter because of

---

[2] Plaintiff's counsel attested as follows: "[W]hile there is no identifying mark on the green card indicating that Jacklyn Bolin's Request for Review was one of the ones sent in the packet that went with this particular green card, counsel believes that it was because there is no reason to believe that it was not sent." (Doc. No. 4, Exh. 1).

the lack of a final order from the Commissioner.  *See Willis v. Sullivan*, 931 F.2d 390, 396 (6th Cir. 1991).

The Court finds that, although there is no record that Plaintiff appealed timely to the Council, it also cannot be said that Plaintiff simply failed to request review, given the information provided in Plaintiff's counsel's affidavit.  Although the Court recognizes that Plaintiff would have been better served by bringing this information to the attention of the Council when it asked about her appeal in November and December of 2006, the Court finds that, in the interests of justice, Plaintiff's case should be remanded to the Commissioner to review whether the opportunity for appeal should be reopened.

IT IS SO ORDERED.


DATED:  January 9, 2008                            __*s/ John R. Adams*_____
                                                                            John R. Adams
                                                                            U.S. District Judge